UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

UNITED STATES OF AMERICA                  :            **MOTION FOR**
                                          :            **LEAVE TO FILE**
     – against –                          :            **WITH REDACTIONS**
                                          :
GIUSEPPI MICCIARI,                        :
                                          :
          Defendant.                      :            Case No. 25-cr-00031

-------------------------------------------------------------- x

Defendant  GIUSEPPE  MICCIAR~~~~

respectfully  requests  the  Court  enter  an  O~~~~

defendant's  pre-sentence  memorandum  wi~~~~

The  defendant  asks  that  he  be  permitted~~~~

memorandum:

> Application granted. Defendant's sentencing submission may be filed with the proposed redactions (Doc. 46) and the unredacted sentencing submission will be filed under seal. The Clerk of Court is respectfully directed to terminate the pending letter-motion (Doc. 47).
>
> SO ORDERED.
>
> _____
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         August 27, 2025

- Section II(B), as it details M~~~~ Minasian, as well as the results of a psycho-sexual evaluation Dr. Alexander Bardey;

- Exhibit B, which contains the reports prepared by Dr. Minasian;

- Exhibit C, which is the report prepared by Dr. Bardey; and

- Paragraph 3 of Section III, and paragraph 3 in Section V(D), which reference a minor who could be identified.

This Motion is supported by the attached Attorney Affirmation and Memorandum of Law.

This Motion is unopposed by the Government.

WHEREFORE, defendant Giuseppe Micciari respectfully requests that this Honorable Court grant the relief sought, and for any further relief the Court deems proper.

Dated: August 26, 2025
      White Plains, New York

                              Respectfully submitted,

                              Jill K. Sanders, Esq.
                              PAPPALARDO & PAPPALARDO, LLP
                              Attorneys for Defendant Giuseppe Micciari
                              222 Bloomingdale Road, Suite 301
                              White Plains, NY 10605
                              Tel (914) 725-7000
                              Fax (914) 725-1700
                              Email jsanders@pappalardolaw.com

To:    Hon. Philip M. Halpern *(via ECF)*
        United States District Court, Southern District of New York
        The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
        300 Quarropas Street
        White Plains, NY 10601

Cc:    Assistant U.S. Attorney Marcia Cohen *(via ECF)*
        United States Attorney's Office, Southern District of New York
        300 Quarropas Street
        White Plains, NY 10601

## CERTIFICATION

I hereby certify that on August 26, 2025, the foregoing Motion for Leave to File With

Redactions for Giuseppe Micciari was served by CM/ECF upon AUSA Marcia Cohen, counsel

for the United States of America.

_____

Jill K. Sanders

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

UNITED STATES OF AMERICA                      :        **AFFIRMATION IN SUPPORT**
                                              :             **OF MOTION FOR**
    – against –                               :              **LEAVE TO FILE**
                                              :             **WITH REDACTIONS**
GIUSEPPE MICCIARI,                            :
                                              :
                    Defendant.                :        Case No. 25-cr-00031
------------------------------------------------------------------- x

JILL K. SANDERS, ESQ., an attorney duly admitted to practice law before this Court, affirms the following under the penalties of perjury:

1.      I am a senior associate with the law firm Pappalardo & Pappalardo, LLP, which has been retained to represent Giuseppe Micciari, a defendant in the above-captioned matter.

2.      This Affirmation is submitted in support of Mr. Micciari's Motion for Leave to File With Redactions, dated August 26, 2025, seeking an Order for leave to redact certain portions of his pre-sentence memorandum when filing. Specifically, Mr. Micciari seeks to redact the following:

- Section II(B) of the defendant's pre-sentence memorandum, as it details Mr. Micciari's sex offense specific treatment with Dr. G. Minasian, as well as the results of a psycho-sexual evaluation Dr. Alexander Bardey;

- Exhibit B to the defendant's pre-sentence memorandum, which contains the reports prepared by Dr. Minasian, who provided sex offense specific treatment to Mr. Micciari;

- Exhibit C to the defendant's pre-sentence memorandum, which is the report prepared by Dr. Bardey, who conducted a psycho-sexual evaluation of Mr. Micciari; and

- Paragraph 3 of Section III and paragraph 3 in Section V(D) of the defendant's pre-sentence memorandum, which reference a minor who could be identified.

3.      Mr. Micciari is scheduled for sentencing by this Court on September 16, 2025. His

pre-sentence submission is due to this Court on or before August 26, 2025.

4.      This Motion is made upon the grounds and for the reasons that there is a compelling

reason to avoid disclosure of private personal and medical/mental health information about Mr.

Micciari, and there is compelling reason to avoid identifying a minor who was associated with this

case.

5.      All of the facts and circumstances described in the attached Memorandum of Law

are true and accurate to the best of my knowledge, based upon my personal knowledge gained

through my review of the case file, discovery provided by the government, investigations

conducted at the request of the defense, relevant statutory and case law, and good faith information

and belief.

6.      As shown in the accompanying Memorandum of Law, Mr. Micciari is entitled to

the relief requested.

WHEREFORE, defendant Giuseppe Micciari respectfully requests that this Honorable

Court grant the relief sought in his attached motion papers and any further relief the Court deems

proper.

Dated:  August 26, 2025                           Respectfully submitted,
        White Plains, New York


                                                  _____
                                                  Jill K. Sanders, Esq.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
UNITED STATES OF AMERICA                    :        **MEMORANDUM OF LAW**
                                            :          **IN SUPPORT**
      – against –                           :        **OF MOTION FOR**
                                            :          **LEAVE TO FILE**
GIUSEPPE MICCIARI,                          :        **WITH REDACTIONS**
                                            :
                Defendant.                  :        Case No. 25-cr-00031
---------------------------------------------------------------- x

### I.    INTRODUCTION

This Memorandum of Law is submitted in support of defendant Giuseppe Micciari's motion for leave to redact certain portions of his pre-sentence memorandum. Specifically, he seeks leave to redact the following portions of his pre-sentence memorandum: Section II(B), as it details Mr. Micciari's sex offense specific treatment with Dr. G. Minasian, as well as the results of a psycho-sexual evaluation Dr. Alexander Sasha Bardey; Exhibit B, which contains the reports prepared by Dr. Minasian; Exhibit C, which is the report prepared by Dr. Bardey; and Paragraph 3 of Section III, and paragraph 3 in Section V(D), which reference a minor who could be identified.

### II.    RELEVANT FACTS

Mr. Micciari's pre-sentence memorandum includes information, facts, and records which contain personal and private health information about Mr. Micciari. This information about Mr. Micciari is not, upon information and belief, otherwise publicly available. Specifically, Section II(B) of the pre-sentence memorandum includes private medical information about Mr. Micciari. It discusses his prior substance use, his mental health treatment sessions with Dr. Minasian, as well as the results of a psycho-sexual evaluation conducted by Dr. Bardey. Exhibit B contains reports from Dr. Minasian relating to Mr. Micciari's counseling sessions, and these reports include

1

confidential information regarding his mental health. It also includes statements and admissions made by Mr. Micciari to Dr. Minasian. Exhibit C is Dr. Bardey's report from a forensic-psychiatric evaluation of Mr. Micciari . In addition to containing confidential information regarding Mr. Micciari's mental health, the report also contains information on his family history, substance use history. It also includes statements and admissions made by Mr. Micciari to Dr. Bardey.

Additionally, Mr. Micciari's pre-sentence memorandum includes information and facts about a minor who could be identified by the public. This information is not, upon information and belief, otherwise publicly available. As stated in the complaint, it is alleged that Mr. Micciari had attempted to "hack" the Snapchat of a teenaged female identified as "Minor-1." See Complaint (ECF No. 1). While the complaint does not identify "Minor-1" by name, and Mr. Micciari does not wish to identify the minor by name, the information contained in Mr. Micciari's pre-sentence memorandum (paragraph 3 of Section III, and paragraph 3 in Section V(D)) could result in the identification of "Minor-1" by members of the public, particularly members of the minor's community. For those who know the minor well, it could further identify where "Minor-1" resides.

The Government does not oppose the request of Mr. Micciari to redact the sections referenced, nor does it oppose his request to file the specified exhibits under seal.


### III.    ARGUMENT IN SUPPORT OF MOTION

There exists a well-established common law right and First Amendment right of public access to judicial documents. This creates a presumption in favor of public access to, and against sealing of, judicial documents. United States v. Amodeo, 71 F.3d 1044, 1047 (2d Cir. 1995). This right is qualified, however. In certain circumstances, the right of public access may be limited, particularly due to the confidential, sensitive, or privileged nature of the documents at issue.

In such cases where there is an application to restrict public access, a court must undertake a three-part inquiry. Id. First, a court must determine whether the document is a "judicial document," such that a presumption of access attaches; second, if the document is determined to be a "judicial document," the court must determine the weight to be accorded the presumption of access; and third, after determining the weight of the presumption of access, the court must balance any countervailing factors against the presumption. Id. at 1050-1051. To be designated as a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process … ." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Documents filed relevant to a sentence proceeding have been held to be "judicial documents." See e.g. United States v. Sattar, 471 F. Supp.2d 380, 385 (S.D.N.Y. 2006).

Here, Mr. Micciari is requesting redaction of *inter alia* private information relating to his prior substance use, records relating to his mental health treatment, and a detailed psycho-sexual evaluation. See SDNY Electronic Case Filing Rules & Instructions, Rule 21.4. In this regard, the Second Circuit has stated, "Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational and impure." Amodeo, 71 F.3d at 1050 (internal citations and quotation marks omitted). The Court continued, "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public;" this includes "family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters [which] will weigh more heavily against access than conduct affecting a substantial portion of the public." Id. at 1051. There is also a privacy interest in medical records. See Whalen v. Roe, 429 U.S. 589, 603-604 (1977); Sattar, 471 F. Supp.2d at 387. Mr. Micciari is only seeking to redact the portions of his pre-sentence memorandum which specifically fall into this category. See e.g. Lugosch v.

<u>Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006) (a request should be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents). Because the information Mr. Micciari seeks to redact falls within these categories of private information, and because it would serve no legitimate purpose in providing public access to this private information, this Court should grant his request to redact this information and file the exhibits under seal.

With regard to information which identifies a minor, Federal Rule of Civil Procedure Rule 5.2(a)(3) provides that a party must only identify a minor by his or her initials. This rule is meant to protect a minor's privacy, safety, and well-being. Minors are considered a vulnerable population, and public disclosure of their identities, personal details, and involvement in court proceedings can lead to long-term damage, reputational harm, and interfere with their lives and healthy development. While Federal Rule of Civil Procedure Rule 5.2(a)(3) does not apply to the instant matter, its general purpose and intent does. As previously indicated, information which identifies "Minor-1" is not, upon information and belief, otherwise publicly available. Enough contextual information is provided in Mr. Micciari's pre-sentence memorandum which could result in the identification of "Minor-1" by members of the public, particularly members of the minor's community. For those who know the minor well, it could further identify where "Minor-1" resides. Mr. Micciari's request is narrowly tailored to only two sections in his pre-sentence memorandum. See <u>Lugosch</u>, 435 F.3d at 119-120. Because the information Mr. Micciari seeks to redact would identify a minor, and because it would serve no legitimate purpose in providing public access to this information, this Court should grant his request to redact this information.

## IV.    **CONCLUSION**

Because both good cause and compelling reasons in favor of redaction and sealing exist, Mr. Micciari respectfully requests the Court permit filing of the pre-sentence memo with the aforementioned redactions. We respectfully request that the Court issue an Order granting the relief sought, and any additional relief that the Court deems proper.

A proposed Order is attached.

Dated: August 26, 2025                                           Respectfully submitted,
       White Plains, New York

                                                   Jill K. Sanders, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
UNITED STATES OF AMERICA                    :          **ORDER**
                                            :       **AS TO MOTION**
         – against –                        :    **FOR LEAVE TO FILE**
                                            :     **WITH REDACTIONS**
GIUSEPPE MICCIARI,                          :
                                            :          Case No.
              Defendant.                    :         25-cr-00031
--------------------------------------------------------------- x

## [PROPOSED] ORDER

This matter comes before the Court on the unopposed Motion to File Under Seal by defendant Giuseppe Micciari as to his pre-sentence memorandum with exhibits. Upon consideration of the Motion, and the entire record of this case, it is hereby ORDERED

☐     that the Motion is GRANTED to the extent that Mr. Micciari may file his pre-sentence memorandum with the requested redactions: Section II(B); Paragraph 3 in Section III; Paragraph 3 in Section V(D); Exhibit B; and Exhibit C.

☐     that the Motion is GRANTED as follows: _____

_____

_____

_____

_____.

☐     that the Motion is DENIED.

Dated: _____, 20_____          SO ORDERED.


                                            _____
                                            Hon. Philip M. Halpern
                                            United States District Judge